UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Sonia Johnson**, | § § § § | |
| Plaintiff, | § § | Case No. |
| v. | § § | |
| **Rent-A-Center, Inc.**, | § § | Complaint and Demand for Jury Trial |
| Defendant. | § § § | |

## COMPLAINT

**Sonia Johnson** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Rent-A-Center, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Financial Services, LLC, 565 U.S. 368, 386-87 (2012) (confirming that the United States district courts have federal-question subject-matter jurisdiction under 28 U.S.C. § 1331 to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in the State of Texas, because Defendant regularly conducts business

in the State of Texas, and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Corpus Christi, Texas 78413.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business at 5501 Headquarters Drive, Plano, Texas 75024.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around March 2017 and continuing through around November 2017, Defendant repeatedly called Plaintiff on her cellular telephone asking to speak to a person named Cynthia Hinojosa.

13. Plaintiff is not named Cynthia Hinojosa, has never been known as Cynthia Hinojosa, and does not know anyone named Cynthia Hinojosa about whom Defendant could be calling.

14. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

15. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay and/or a prerecorded voice before being connected with Defendant's live representatives.

16. Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

17. Within the first few calls in March 2017, Plaintiff told Defendant that it had a wrong number and that she did not wish to be contacted.

18. On subsequent calls through November 2017, Plaintiff repeated that it had a wrong number and that wanted Defendant to stop calling.

19. Once Defendant was informed that it was calling the wrong person and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

20. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff multiple times through to November 2017.

21. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone without the prior express consent of the called party, except where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii)

24. Defendant initiated repeated telephone calls to Plaintiff's cellular telephone number.

25. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

27. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

28. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

29. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

30. When Defendant called Plaintiff from around March 2017 through around November 2017, it knew no later than Plaintiff's statement that it had a wrong number and instruction to stop calling in March 2017 that it did not have prior express consent to call Plaintiff.

31. Defendant's violation of the TCPA was therefore either willful or knowing starting from the date of Plaintiff's first instruction to stop calling.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Sonia Johnson**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Sonia Johnson**, demands a jury trial in this case.

Dated: 12/5/18

By: *s/ Amy L. B. Ginsburg*
Amy L.B. Ginsburg, Esq.
Attorney-in-Charge for Plaintiff
Bar No. 24107506
Federal Bar No. 1477508
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com